Whitehead, J.
The plaintiffs (Scanlon, et al.) filed a referendum petition with the defendant members of the Board of Registrars of the City of Beverly (“the Board”), which certified more than the requisite number of signatures on the petition.[3] Co-defendants Jeffrey S. Bunk (“Bunk”) and James K. Brayden (“Brayden”) then filed an objection to the Board, challenging the certification of certain signatures. The plaintiffs, too, filed an objection, alleging that certain signatures that had not been certified initially should have been certified. After a hearing on the objections, at which thirteen additional signatures were certified and 126 others decertified, the Board made a finding that the petition, with a final total of only 2,765 certified signatures, failed.
In this action, the plaintiffs request that the court conduct a de novo review of the certification process. Defendants Bunk and Brayden have filed a counterclaim demanding damages, alleging that the plaintiffs obtained signatures fraudulently.[4] Pursuant to G.L.c. 231, §59H, the plaintiffs have made a special motion to dismiss the counterclaim, which, they assert, is based on their exercise of their constitutional right of petition. For the reasons discussed below, the court ALLOWS the motion but only as a motion to dismiss pursuant to Mass.R.Civ.P. Rule 12(b)(6).
DISCUSSION
Section 59H of chapter 231 of the Massachusetts General Laws provides for a “special” motion to dismiss in any civil case in which a party asserts that the claims, counterclaims or cross claims against it are “based on said party’s exercise of its right of petition” under the federal or state constitutions.[5] G.L.c. 231, §59H. The statute specifies that the court “shall grant the motion unless the party against whom such special motion is made shows that: (1) that [sic] the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) that the moving party’s acts caused actual injury to the responding party.” Id. (emphases added). In the event that the court grants such a special motion to dismiss, the moving party is awarded costs and reasonable attorneys fees. Id.
Massachusetts is not the only state to provide relief for persons who perceive themselves to be the recipients of so-called “SLAPPs,” le., strategic lawsuits against public participation. See Tired of Being Slapped Around: States Take Action against Lawsuits Designed to Intimidate and Harass, 25:2 Rutgers L.J. 401 (1994).[6] New York law also provides for special expedited motions to dismiss as well as summary judgment motions in SLAPPs, which shift the burden to the party opposing the motion (i.e., the SLAPP plaintiff) to demonstrate that the SLAPP cause of action has “a substantial basis in law.” A SLAPP defendant who can show that the SLAPP was “commenced or continued without a substantial basis in fact and law” is entitled to costs and attorneys fees; a SLAPP defendant who can demonstrate that the SLAPP was “commenced or continued for the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition, or association rights” is entitled to additional compensatory damages. Id. at 423-24, citing N.Y. Civ. Rights Law §70-a(l)(a)-(b) and N.Y.Civ.Prac.L.&R. 3211(g), 3212(h) (McKinney Supp. 1994). The state legislatures of Washington and California, too, have passed laws designed to protect against SLAPPs. State *335 Action against SLAPPs, supra, 25:2 Rutgers L.J. at 402-03, 403 n. 9, at 424-27.
Given the broad language of the Massachusetts anti-SLAPP statute,[7] it may well be that the counterclaim in the instant case is technically encompassed by G.L.c. 231, §59H. As a threshold matter, the plaintiffs have asserted that the counterclaim is a SLAPP, in that they have alleged that defendants Bunk and Brayden filed it for the purpose of intimidating them into abandoning their appeal of the Board’s decertifi-cation of their referendum petition. Moreover, the “SLAPP plaintiffs,” Bunk and Brayden, have, for their part, failed to show that Scanlon et al.’s exercise of their right to petition was “devoid of any reasonable factual support or any arguable basis in law.” They have also failed to show that Scanlon et al.’s acts caused them any actual personal injury.[8]
Although it would thus appear that the counterclaim falls within the statute, here, where the defendants/plaintiffs-in-counterclaim cannot allege that they have suffered any personal loss, the court need not reach the SLAPP issue, since the counterclaim is dismissible in any event pursuant to Mass.R.Civ.P. Rule 12(b)(6). While it is true that the SLAPP statute provides for greater relief than Rule 12(b)(6), that additional relief — the award of costs and attorneys fees — is inconsequential in the instant case, since the issues in both the claim and the counterclaim are identical and thus the costs and fees that Scanlon et al. will expend in prosecuting their claim are no more nor less than those that they would be compelled to expend in defending against the counterclaim.
ORDER
For the reasons discussed above, it is hereby ORDERED that the plaintiffs’ motion to dismiss the counterclaim be ALLOWED pursuant to Mass.R.Civ.P. Rule 12(b)(6).

According to the Board, the required number of signatures was 2,840; the number certified was 2,878.

defendants Bunk and Brayden have also filed a cross claim against the defendant Board members, alleging errors in the certification process.

The statute defines “a party’s exercise of its right of petition” as “any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding: any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding: any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body or any other governmental proceeding; any statement reasonably likely to enlist public par-ticipationin an effort to effect such consideration: or any other statement falling within constitutional protection of the right to petition government.” G.L.c. 231, §59H (emphases added).

SLAPPs are typically filed by real estate developers against citizens’ groups or individuals who have voiced their opposition to a planned development. The most common cause of action used by SLAPP plaintiffs is defamation: others are: libel; slander; intentional interference with prospective economic advantage; other business torts; conspiracy; judicial process abuse; malicious prosecution; nuisance; and violation of constitutional rights. State Action Against SLAPPs, supra, 25:2 Rutgers L.J. at 402-03, 403 n. 9.

In returning the bill that ultimately became G.L.c. 231, §59H, unsigned, Governor Weld, concerned that the “vaguely framed” bill — which he characterized as “a bludgeon when a scalpel would do” — would substantially alter “the balanced and long settled law,” recommended, inter alia, a more narrowly tailored definition of what constituted the “right of petition." House No. 5570 (December 9, 1994) and House No. 5604 (December 23, 1994).

At oral argument, the defendants/plaintiffs-in-counterclaim conceded that the only damages sought in the counterclaim were attorneys fees and costs. These fees and costs, however, are the same as those to be expended by the defendants/plaintiffs-in-counterclaim in defending the underlying claim.